1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   ROY GALVAN,                              ) CASE NO.: CV14-00495 CAS (AJWx)
                                              ) *Hon. Christina A. Synder, Ctrm. 5, 2nd Fl.*
12                                            ) *Mag. Andrew J. Wistrich, Ctrm. 690, Roybal*
                                              )
13                                            )
                      *Plaintiff,*            )
14                                            )
               v.                             ) **PROTECTIVE ORDER REGARDING**
15                                            ) **DISCLOSURE OF CONFIDENTIAL**
     CITY OF LOS ANGELES, LAPD                ) **INFORMATION**
16   OFFICERS MIGUEL TERAZAS, DAVID           )
     NUNN, RICHARD ARCINIEGA AND              )
17   DOE DEFENDANT 1 THROUGH 10,              )
     INCLUSIVE,                               )
18                                            )
19                    *Defendants.*           )
                                              )
20   _____     )

21

22          Whereas counsel for the parties have discussed the mutual exchange of documents

23   in this litigation,  Defendants, through their counsel of record,  have agreed to produce

24   certain confidential information in this litigation, and therefore, the parties have stipulated

25   to the following terms and conditions, the Court hereby orders as follows:

26          1.     In accordance with the above-referenced agreement, the City of Los Angeles

27   has agreed to produce copies of the following documents following the issuance of a

28   protective order in this matter:

1

a)      The related LAPD's Internal Affairs Investigation Report (and the attached addenda and recorded statements) relating to the incident of February 1, 2011 which gives rise to this litigation and which is closed[1].  Plaintiff will be required to advance payment to the LAPD for the recorded statements before the statements are produced;

b)      The related Murder Book, including photographs and recorded statements.  Plaintiff will be required to advance payment to the LAPD for any and all recorded statements and photographs which are contained in the Murder Book prior to production of those items.

## GOOD CAUSE STATEMENT

2.      The related Murder Book contains personal information regarding the murder victim, Plaintiff and third parties which includes date of birth and criminal history information.    Personal information regarding witnesses interviewed during the investigation is also included in the related Murder Book.

3.      The Los Angeles Police Department conducts internal administrative investigations of Officer Involved Uses of Force and Complaint Investigations (hereinafter "Administrative Investigations") and also maintains a personnel file on its officers which includes personnel training information. Once an Administrative Investigation is initiated, a formal investigation number is prepared.   Such investigations are reviewed by appropriate command officers in the Department.  This review has several purposes:  (1) to determine whether the involved officers violated any Department policies or procedures; (2) to determine whether administrative discipline and/or retraining of the involved officers is necessary; and (3) to ascertain if police policies and procedures in such areas as supervision, training, tactics, policies, etc. should be modified.

---

[1]

There is a second related Internal Affairs investigation which remains open.  Therefore, the City does not agree to produce any part of that investigation and its counsel will keep Plaintiff's counsel apprised of the progress of the related, open investigation and the production of the investigation after it has been completed.

Administrative Investigations are an essential aid to providing critical evaluation of Department officers and policies, and to determine the most effective way to serve the citizens of Los Angeles.

4.     The Department strives to maintain the confidentiality of an officer's personnel package and Administrative Investigations, and the information contained therein, in recognition of the protections granted pursuant to Penal Code § § 832.5, 832.7, and 832.8 and 1040 et al. of the California Evidence Code.  Just as officer's personnel package is maintained as confidential, so too are the Administrative Investigations involving a particular officer(s).  Administrative Investigations, like an officer's personnel package, include information which is both personal in nature and could potentially impact the liberty interests of the involved police officers and/or civilians named within. The information obtained from personnel packages and Administrative Investigations can, and have been used to initiate disciplinary action against officers, as well as evidence in disciplinary proceedings where the officer's conduct was considered to be contrary to Department policy. At this time, the parties have agreed that certain Administrative Investigation information will be provided pursuant to the terms set forth in this Protective Order.  As a result, the parties have agreed to this Proposed Protective Order covering these records for the following Good Cause reasons:

5.     Administrative Investigations are maintained as confidential reports and are considered part of the individual officers' personnel record.  Administrative Investigations include information which is both personal in nature and could potentially impact the liberty interests of the involved police officers and/or civilians named within.  The information obtained from Administrative Investigations can and have been used to initiate disciplinary action against officers and as evidence in disciplinary proceedings where the use of force or tactics used were considered to be contrary to Department policy.

6.     Unfettered release of Administrative Investigations have the potential for untold negative results.  In terms of societal interests, it would inhibit the Department's

ability to frankly engage in critical self-analysis. Public exposure of many Administrative Investigations could severely threaten the safety and well-being of the individuals, their families and associates. Many Administrative Investigations include embarrassing facts. At a minimum, disclosure of an entire Administrative Investigation would cause needless intrusion of privacy rights and have a negative effect on the Department's effort to conduct these important investigations. Indeed, for all of these reasons, persons interviewed by Investigators are advised that their statements are being taken for the confidential use of the Department.

7.      The materials and interview statements of Administrative Investigations are maintained in protected files in order to maintain their confidentiality. They are not routinely shown to other city departments. Even then, information which is not clearly relevant to the rationale governing the request is redacted to ensure the utmost regard for the privacy rights of the mentioned within a given report. The reports are not available to the general public except by court order. In all instances, the Department requests in camera hearing to determine the relevance for releasing all or part of a given report, again to ensure the constitutionally protected privacy rights of those named or otherwise identified within the body of the report.

8.      In each case involving court-ordered disclosure of information from a Administrative Investigation sought in state or federal court, it is Department policy to seek a protective order limiting use of the information to the case at trial and identifying those persons who may properly be granted access to the information. Absent a protective order, it becomes unrealistic to conceive that the large numbers of attorneys, secretaries, law clerks, paralegals and witnesses involved in many cases will be able to maintain proper confidence of personal, private material absent an order which clearly delineates their responsibilities. The orders further request that said records be returned to the Department after the case has terminated, either by final judgment or otherwise. This request serves to ensure that intrusion into the privacy and employment rights of those involved is limited to the particular case in which the facts are relevant.

9.     Even with a carefully written protective order, the release of portions of an Administrative Investigation, without prior judicial review to determine relevancy and assess privacy concerns, ignores the constitutional protection given to individual privacy under the United States and California Constitutions and which a third-party such as the Department is obligated to assert.  The issuance of an appropriate protective order makes certain that these privacy concerns are not compromised beyond that degree necessary to the issues before the court.  Accordingly, on behalf of the Los Angeles Police Department and those persons identified within a given Administrative Investigation, the Defendants respectfully request these procedural protections in the instant case.

10.     Accordingly, the parties hereby stipulate that the above-referenced Internal Affairs Investigation is confidential in nature and is appropriately produced pursuant to a protective order.  (See *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995.))

## III.

## TERMS OF THE PROTECTIVE ORDER

11.     If the Protective Order is issued, Defendants will produce the above-referenced documents wherein the documents will be marked in one of the following ways: "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect.  Documents, writings, or other tangible items, so designated, and all information derived therefrom (hereinafter, collectively referred to as "Confidential Information"), shall be treated in accordance with the terms of this stipulation and protective order.

12.     Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

13.     Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

(a)     Counsel for the parties, parties, and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision.

5

1    (b)    Such other parties as may be agreed by written stipulation among the parties
2  hereto, or by Court order.

3    14.    Prior to the disclosure of any Confidential Information to any person
4  described in paragraph 13(a) or 13(b), counsel for the party that has received and seeks
5  to use or disclose such Confidential Information shall first provide any such person with
6  a copy of this stipulation, and shall cause him or her to execute, on a second copy which
7  counsel shall thereafter serve on the other party the following acknowledgment:

8        "I understand that I am being given access to Confidential
9        Information pursuant to the foregoing stipulation and order.  I
10       have read the Order and agree to be bound by its terms with
11       respect to the handling, use and disclosure of such Confidential
12       Information.
13       Dated: _____/s/_____ "

14    15.    Upon the final termination of this litigation in either the United States District
15  Court (Central District of California) or the Ninth Circuit Court of Appeals, all
16  Confidential Information and all copies thereof shall be returned to the Los Angeles City
17  Attorney's Office within fourteen (14) calendar days along with written confirmation from
18  Plaintiff's counsel that all materials are being returned pursuant to the terms of this
19  Stipulation and the District Court's order on this Stipulation.  Since Plaintiff is alleging
20  both federal claims and several causes of action pursuant to California law, the City of Los
21  Angeles and any individual police officer defendants (who may be added as parties to this
22  litigation) object to Plaintiff's retention, possession, custody and control of the
23  above-referenced Confidential Information in the event the federal claims are dismissed
24  and remaining state law claims are remanded to the Los Angeles County Superior Court
25  ("Superior Court").  These objections are made pursuant to California law, including but
26  not limited to, the Peace Officer's Bill of Rights, California Evidence Code Sections 1043
27  and 1045, as well as *Haggerty v. Superior Court* (2004) 117 Cal.App.4th 1079.  In the
28  event that the federal claims in this litigation are dismissed and the remaining state law

claims are remanded to the Superior Court, Defendant City and/or any individual police officer defendants (who may be added as parties to this litigation) reserve the right to file any and all necessary motions for an order from the Superior Court compelling Plaintiff and/or his counsel to return all or specified portions of the Confidential Information produced by the City of Los Angeles in this litigation.

16.     If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material.  Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the Defendants.  However, in no event should production or disclosure be made without written approval by the Defendants' counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Information.

17.     Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall be **submitted with an application that the document be filed and maintained under seal either pursuant to Ex Parte Application and Order of the Court or Stipulation of the parties and Order of the Court. (Local Rule 79-5, et seq.).  Good cause for the under seal filing must be shown.** If a document or pleading submitted to the Court, as described in this paragraph, makes only a general reference to any document or information contained therein covered by this protective order, but does not quote or describe its contents in any specific way, and does not include the protected document itself, then the party or parties need not enter into a Stipulation or otherwise seek an order to file the documents under seal.  **In entering into**

**a Stipulation for the filing of Confidential Information under seal, neither one of the parties waives its right to object to the admissibility of said information in connection with that proceeding or to move to exclude said information prior to or during the time of trial.**

18.     The parties agree that the spirit of confidentiality as protected in this order will apply to all proceedings.   To that end, before any protected document or any information derived therefrom is to be put forward, admitted into evidence, discussed in detail or otherwise publicized in Court, the party raising the protected document will inform the other parties and allow for a motion to the Court to close the proceedings to the public.

19.     Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

20.     During the course of depositions, when counsel makes an objection to a question concerning a protected document or information contained therein, which is the subject of this Stipulation and protective order, or concerning a general area that counsel believes should be covered by the scope of this Stipulation and protective order, those witnesses (as identified in Paragraph 3(a) herein) may answer the question, without waiving the objections, and the questions and answers to those questions will be sealed and covered by the terms of this protective order. Counsel and the parties reserve the right to object to the disclosure of confidential or private information which is not the subject of this Stipulation and protective order.  Any documents deemed confidential pursuant to this protective order will be sealed, if they are used as exhibits in any deposition.  This agreement does not waive any objections counsel may make, including objections unrelated to the reasons for this protective order.

21.     Each person receiving or reviewing Confidential Information must consent to the jurisdiction of the United States District Court for the Central District of California, including the Magistrate Judge assigned to this case,  with respect to any proceeding

relating to enforcement of this Order, including, without limitation, any proceeding for contempt and/or monetary sanctions

      22.    <u>This Protective Order survives until the time the commencement of trial. The parties hereto, however, may make a request to the District Judge, in advance of trial, that the Confidential Information disclosed pursuant to the Protective Order remain confidential and/or be kept and maintained pursuant to the terms of the Protective Order</u>.

      23.    This Stipulation may be signed in sub-parts and may be transmitted by facsimile as if it was the original document.  Defendants will lodge this executed Stipulation with the Court for approval.

***IT IS SO ORDERED.***

         9/15/2014

Dated:                  By: _____

                           HONORABLE ANDREW J. WISTRICH
                           UNITED STATES MAGISTRATE JUDGE