# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY GALVAN,<br><br>　　　　*Plaintiff,*<br><br>　　v.<br><br>CITY OF LOS ANGELES, LAPD OFFICERS MIGUEL TERAZAS, DAVID NUNN, RICHARD ARCINIEGA AND DOE DEFENDANT 1 THROUGH 10, INCLUSIVE,<br><br>　　　　*Defendants.* | CASE NO.: CV14-00495 CAS (AJWx)<br>*Hon. Christina A. Synder, Ctrm. 5, 2nd Fl.*<br>*Mag. Andrew J. Wistrich, Ctrm. 690, Roybal*<br><br>**PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION**<br><br>**(LAPD 2009 HOMICIDE MANUAL)** |

　　　　Whereas counsel for the parties have discussed the mutual exchange of documents in this litigation, Defendants, through their counsel of record, have agreed to produce certain confidential information in this litigation, and therefore, the parties have stipulated to the following terms and conditions, the Court hereby orders as follows:

　　　　1.　　In accordance with the above-referenced agreement, the City of Los Angeles has agreed to produce copies of the following documents following the issuance of a protective order in this matter:

1

      **a)**      **The related LAPD's 2009 Homicide Manual.**

## GOOD CAUSE STATEMENT

2. The LAPD's 2009 Homicide Manual contains information regarding he investigative techniques authorized by the police agency to investigate homicides. Accordingly, the Homicide Manual is designated as Confidential and/or Proprietary Nature as "CONFIDENTIAL" and may only be disclosed to the persons stated/identified in Paragraph 13(a) and 13(b) herein.

3. The parties agree that this information should be the subject of a protective order in this particular action.

## III.

## TERMS OF THE PROTECTIVE ORDER

4. If the Protective Order is issued, Defendants will produce the above-referenced documents wherein the documents will be marked in one of the following ways: "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. Documents, writings, or other tangible items, so designated, and all information derived therefrom (hereinafter, collectively referred to as "Confidential Information"), shall be treated in accordance with the terms of this stipulation and protective order.

5. Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

6. Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

    (a) Counsel for the parties, parties, and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision.

    (b) Such other parties as may be agreed by written stipulation among the parties hereto, or by Court order.

///

7. Prior to the disclosure of any Confidential Information to any person described in paragraph 13(a) or 13(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order. I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.
>
> Dated: _____/s/_____"

8. Upon the final termination of this litigation in either the United States District Court (Central District of California) or the Ninth Circuit Court of Appeals, all Confidential Information and all copies thereof shall be returned to the Los Angeles City Attorney's Office within fourteen (14) calendar days along with written confirmation from Plaintiff's counsel that all materials are being returned pursuant to the terms of this Stipulation and the District Court's order on this Stipulation. Since Plaintiff is alleging both federal claims and several causes of action pursuant to California law, the City of Los Angeles and any individual police officer defendants (who may be added as parties to this litigation) object to Plaintiff's retention, possession, custody and control of the above-referenced Confidential Information in the event the federal claims are dismissed and remaining state law claims are remanded to the Los Angeles County Superior Court ("Superior Court"). These objections are made pursuant to California law, including but not limited to, the Peace Officer's Bill of Rights, California Evidence Code Sections 1043 and 1045, as well as *Haggerty v. Superior Court* (2004) 117 Cal.App.4th 1079. In the event that the federal claims in this litigation are dismissed and the remaining state law claims are remanded to the Superior Court, Defendant City and/or any individual police officer defendants (who may be added as parties to this litigation) reserve the right to file

1  any and all necessary motions for an order from the Superior Court compelling Plaintiff
2  and/or his counsel to return all or specified portions of the Confidential Information
3  produced by the City of Los Angeles in this litigation.

4  9. If any party who receives Confidential Information receives a subpoena or
5  other request seeking Confidential Information, he, she or it shall immediately give written
6  notice to the Defendants' counsel, identifying the Confidential Information sought and the
7  time in which production or other disclosure is required, and shall object to the request or
8  subpoena on the grounds of this stipulation so as to afford the Defendants an opportunity
9  to obtain an order barring production or other disclosure, or to otherwise respond to the
10 subpoena or other request for production or disclosure of Confidential Material.  Other
11 than objecting on the grounds of this stipulation, no party shall be obligated to seek an
12 order barring production of Confidential Information, which obligation shall be borne by
13 the Defendants.  However, in no event should production or disclosure be made without
14 written approval by the Defendants' counsel unless required by court order arising from
15 a motion to compel production or disclosure of Confidential Information.

16 10. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other
17 written submissions to the Court in this litigation which contain, reflect, incorporate or
18 refer to Confidential Information shall be **submitted with an application that the**
19 **document be filed and maintained under seal either pursuant to Ex Parte**
20 **Application and Order of the Court or Stipulation of the parties and Order of the**
21 **Court. (Local Rule 79-5, et seq.).  Good cause for the under seal filing must be shown.**
22 If a document or pleading submitted to the Court, as described in this paragraph, makes
23 only a general reference to any document or information contained therein covered by this
24 protective order, but does not quote or describe its contents in any specific way, and does
25 not include the protected document itself, then the party or parties need not enter into a
26 Stipulation or otherwise seek an order to file the documents under seal.  **In entering into**
27 **a Stipulation for the filing of Confidential Information under seal, neither one of the**
28 **parties waives its right to object to the admissibility of said information in connection**

**with that proceeding or to move to exclude said information prior to or during the time of trial.**

11. The parties agree that the spirit of confidentiality as protected in this order will apply to all proceedings. To that end, before any protected document or any information derived therefrom is to be put forward, admitted into evidence, discussed in detail or otherwise publicized in Court, the party raising the protected document will inform the other parties and allow for a motion to the Court to close the proceedings to the public.

12. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

13. <u>During the course of depositions, when counsel makes an objection to a question concerning a protected document or information contained therein, which is the subject of this Stipulation and protective order, or concerning a general area that counsel believes should be covered by the scope of this Stipulation and protective order, those witnesses (as identified in Paragraph 3(a) herein) may answer the question, without waiving the objections, and the questions and answers to those questions will be sealed and covered by the terms of this protective order. Counsel and the parties reserve the right to object to the disclosure of confidential or private information which is not the subject of this Stipulation and protective order. Any documents deemed confidential pursuant to this protective order will be sealed, if they are used as exhibits in any deposition. This agreement does not waive any objections counsel may make, including objections unrelated to the reasons for this protective order</u>.

14. Each person receiving or reviewing Confidential Information must consent to the jurisdiction of the United States District Court for the Central District of California, including the Magistrate Judge assigned to this case, with respect to any proceeding relating to enforcement of this Order, including, without limitation, any proceeding for contempt and/or monetary sanctions

15. This Protective Order survives until the time the commencement of trial. The parties hereto, however, may make a request to the District Judge, in advance of trial, that the Confidential Information disclosed pursuant to the Protective Order remain confidential and/or be kept and maintained pursuant to the terms of the Protective Order.

16. This Stipulation may be signed in sub-parts and may be transmitted by facsimile as if it was the original document. Defendants will lodge this executed Stipulation with the Court for approval.

***IT IS SO ORDERED.***

Dated: 3/24/ 2015          By: _____
**HONORABLE ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE**