UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-00495-CAS (AJWx) | Date | September 21, 2016 |
|---|---|---|---|
| Title | ROY GALVAN V. CITY OF LOS ANGELES ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S SUMMARY JUDGMENT ORDER (Filed August 22, 2016, Dkt. 129)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of September 26, 2016, is hereby vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

On January 22, 2014, Roy Galvan filed a complaint against the City of Los Angeles, Miguel Terrazas, David Nunn, Richard Arciniega, and Does one through ten (collectively "defendants"). Galvan was charged with murder in 2011 and ultimately acquitted after a jury trial in 2012. In the Complain, Galvan alleges claims of false arrest and malicious prosecution; failure to intervene to prevent constitutional violations, and *Monell* liability. Dkt. 1.

On November 23, 2015, defendants filed a motion for summary judgment as to all Galvan's claims. Dkt. 40. On December 7, 2015, Galvan filed an opposition. Dkt. 54. One December 23, 2015, defendants filed a reply. Dkt. 57. On February 29, 2016, the Court held a hearing on the summary judgment motion and took the matter under submission. Dkt. 67. On March 1, 2016, the Court issued an order granting summary judgment for defendants with respect to Galvan's malicious prosecution claim. Dkt. 68.

On August 22, 2016, plaintiff filed a motion for reconsideration of the Court's summary judgment order with respect to the malicious prosecution claim. Dkt. 129. On

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-00495-CAS (AJWx) | Date | September 21, 2016 |
| Title | ROY GALVAN V. CITY OF LOS ANGELES ET AL. | | |

September 12, 2016, the defendants filed an opposition to plaintiff's motion for reconsideration. Dkt. 130. On September 19, 2016, plaintiff filed a reply. Dkt. 132.

## II. DISCUSSION

Local Rule 7-18 sets forth the bases upon which the Court may reconsider a decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18. Furthermore, the Court retains authority to modify its interlocutory orders where it identifies error. See Fed. R. Civ. Proc. 54(b); United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000) (district courts may reconsider their own orders in order to correct simple mistakes "rather than waiting for the time-consuming, costly process of appeal").

The Court granted summary judgment to defendants with respect to the malicious prosecution claim because, in the Court's view, plaintiff had not rebutted the Smiddy presumption that prosecutors exercise independent judgment from investigating officers when prosecutors decide to file criminal charges. Smiddy v. Varney, 803 F.2d 1469, 1471 (9th Cir. 1986). To rebut the Smiddy presumption, Galvan must present evidence "that the district attorney was subjected to unreasonable pressure by the police officers, or that the officers knowingly withheld relevant information with the intent to harm [him], or that the officers knowingly supplied false information." Id. The Court concluded that Galvan had failed to present a material issue of disputed fact by presenting evidence that the prosecutor here *relied* on allegedly false information from investigators. Dkt. 68.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-00495-CAS (AJWx) | Date | September 21, 2016 |
| Title | ROY GALVAN V. CITY OF LOS ANGELES ET AL. | | |

The Court's summary judgment order noted, "the district attorney's office has lost Galvan's criminal file, meaning that evidence indicating what the district attorney relied on in deciding to prosecute Galvan may no longer exist." Dkt. 68 at 25. Accordingly, Galvan may be unable to rebut the Smiddy presumption with direct evidence. Plaintiff argues that Galvan has presented circumstantial evidence the prosecutor relied upon allegedly false or misleading information from investigators. On August 1, 2016, the Court held a hearing in regard to the parties' motions in limine. During the hearing, the Court explained to the parties' that the summary judgment motion presents a very close question with respect to Galvan's malicious prosecution claim because it is unclear what effect, if any, the loss of the district attorney's file should have on the parties' respective burdens. Nor is it clear what inferences may be drawn from plaintiff's purported circumstantial evidence that the prosecutor relied upon falsified information.

Having carefully considered the parties' arguments, the Court concludes that it erred in granting summary judgment to defendants with respect to Galvan's malicious prosecution claim. If the parties proceed to trial, Galvan will be permitted to present evidence supporting his malicious prosecution claim and, specifically, the effect of investigators' allegedly misleading reports upon the prosecutor's decision to charge Galvan with murder. Accordingly, plaintiff's motion for reconsideration is **GRANTED**.

On August 1, 2016, the Court granted, in part, defendants' third motion in limine, excluding evidence of plaintiff's criminal trial and ultimate acquittal during the liability phase of the trial in this case. Dkt. 126. In light of the Court's summary judgment ruling, plaintiff conceded that evidence of his acquittal was not relevant to the liability phase of trial on his remaining claims. At the time, the Court noted such evidence would be admissible during the liability phase if the Court reconsidered its summary judgment decision. Dkt. 126 fn 6. In light of the foregoing, the Court also revisits its ruling in regard to defendants' third motion in limine. Dkt. 126. Defendants' third motion in limine, Dkt. 74, is hereby **DENIED**. Plaintiff will be permitted to introduce evidence during the liability phase of the trial regarding both the fact that he was charged with murder and the fact that he was ultimately acquitted.

### III. CONCLUSION

Plaintiff's motion for reconsideration is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**             'O'

| Case No. | 2:14-cv-00495-CAS (AJWx) | Date | September 21, 2016 |
|---|---|---|---|
| Title | ROY GALVAN V. CITY OF LOS ANGELES ET AL. | | |

The Court's order regarding defendants' third motion in limine is hereby amended. Defendant's third motion in limine, Dkt. 74., is **DENIED**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |